UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **FAUL SEASONALS INC** | **CASE NO.  6:23-CV-00558** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **TEXAS INTERNATIONAL FREIGHT L L C ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before this Court is a MOTION FOR REMAND filed by Plaintiff, Faul Seasonals, Inc. ("FSI").  (Rec. Doc. 6).  Defendants oppose the motion. (Rec. Doc. 8). FSI timely filed its reply. (Rec. Doc. 9).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that FSI's motion be GRANTED and, accordingly, that this matter be remanded to the 15th Judicial District Court, Acadia Parish, Louisiana, from which it was removed, and that the parties file briefs regarding attorney's fees and costs due under the Court's judgment.

### Factual Background

FSI is a pool service business located in Church Point, Louisiana.  (Rec. Doc. 1-2 at ¶ 3).  FSI contracted with defendant Texas International Freight, LLC ("TIF") to deliver approximately 7.92 tons of cyanuric acid and custom buckets from the arrival port of Houston, Texas, to its place of business in Louisiana.  (*Id.* at ¶ 5).  FSI claims that the subject freight arrived in Church Point, Louisiana on March 15, 2022 and, upon inspection, was determined to be in a "damaged and unusable condition."  (*Id.* at ¶¶ 6–7).

FSI contacted TIF to report the damaged freight, at which time TIF notified defendant Ping An Property & Casualty Insurance Company of China, Ltd. ("Ping") of the claim.  (*Id.* at ¶¶ 8–9).  Thereafter, a marine survey of the damages was conducted by Master Marine

Services. (*Id.* at ¶ 9). A general denial of the claim was issued, but FSI alleges TIF "acknowledge[d the claim] is due and payable." (*Id.* at ¶ 13).

Based on these allegations, FSI filed suit in state court in Acadia Parish on March 15, 2023. (Rec. Doc. 1-2, generally). FSI's petition asserted claims for violation of La. R.S. 45:1097.1, .3. and .4. (*Id.* at ¶ 15), Louisiana's freight loss or damage law. FSI served TIF by Louisiana's long arm service pursuant to La. R.S. 13:3201 on or about March 16, 2023. (Rec. Doc. 6-1). On April 28, 2023, TIF removed this suit on the basis of federal question jurisdiction. Specifically, TIF asserts the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 14706, preempts FSI's Louisiana law claims and the amount in controversy renders FSI's suit removeable. (Rec. Doc. 1).

FSI filed the instant motion, seeking remand on the basis that TIF's removal was untimely under 28 U.S.C. § 1446. (Rec. Doc. 6). The motion is fully briefed, and the arguments of the parties are addressed below.

## **Applicable Standards**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). Federal district courts possess original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove a case to the federal court in the division "embracing the place where such action is pending" when the district court possesses original jurisdiction over the matter. 28 U.S.C. § 1441(a).

The procedure for removal of a suit to federal district court is governed by 28 U.S.C. § 1446, which requires that a defendant file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or "receipt by the

2

defendant, through service or otherwise, of a copy of the amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b)(1), (3).

"The well-pleaded complaint rule governs whether a defendant can remove a case based on the existence of a federal question." *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001) (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). This rule provides that "a properly pleaded complaint governs the jurisdictional determination, and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *Aaron v. Nat'. Union Fire Ins. Co.*, 876 F.2d 1157, 1160–61 (5th Cir. 1989). The artful pleading doctrine is a "narrow exception" to the well-pleaded complaint rule and applies in cases where complete preemption essentially converts a plaintiff's state law claims to federal law claims. *Terrebonne Homecare*, 271 F.3d at 188 *(citing Rivet, supra).*

Once confronted with a motion for remand, the removing party bears the burden of demonstrating the existence of federal jurisdiction and that removal was proper. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "Determining whether a pleading reveals federal jurisdiction requires an objective assessment. '[T]he defendant's subjective knowledge [of the basis for original jurisdiction] cannot convert a case into a removeable action.'" *Lopez v. Truckers Transp. Alliance, Inc.*, 465 F. Supp. 3d 689, 695–696 (W.D. Tex. 2020) (quoting *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)). "Even where a district court would otherwise possess original jurisdiction over a case, that case must nonetheless be remanded to state court if removal is procedurally defective." *Id.* at 694 (citing *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 760–62 (5th Cir. 2000)).

## Analysis

The instant motion asks the Court to consider whether remand is required when a plaintiff has engaged in artful pleading and the defendant's removal of the suit was untimely. The Carmack Amendment, enacted in 1906, is the exclusive remedy for claims involving damage to or loss of freight in interstate commerce. *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003). State and federal district courts share concurrent jurisdiction over Carmack Amendment claims. A federal district court possesses original jurisdiction over such claims where the amount in controversy, as evidenced by receipts or bills of lading, exceeds $10,000, exclusive of costs and interest. 28 U.S.C. § 1337(a); *Hoskins*, *supra*, at n. 7. Because the Carmack Amendment completely preempts state law claims for loss of or damage to freight in interstate commerce, a plaintiff who asserts state law claims within the ambit of the Carmack Amendment has, in actuality, stated federal claims at the suit's inception. *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705 (5th Cir. 2012); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (5th Cir. 1987) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

It is undisputed that TIF's April 28, 2023 removal of this suit occurred more than 30 days after service of FSI's state court petition on March 18, 2023. (Rec. Doc. 6-1, attesting to defense counsel's receipt of FSI's summons and petition on that date).[1] TIF claims it "was forced to investigate Plaintiff's claims and conduct research regarding [FSI's] state law claims in order to determine that this state body of law was wholly and completely preempted by federal law." (Rec. Doc. 9 at p. 7). TIF argues the removability of FSI's suit was not apparent on its face. (*Id.* at pp. 6–7).

---

[1] Assuming service of FSI's petition upon TIF on March 18, 2023, TIF's 30-day removal window under § 1446(b)(2)(B) ended on April 17, 2023. TIF's Notice of Removal was filed on April 28, 2023. (Rec. Doc. 1).

FSI's complaint plainly alleges damage to freight in interstate commerce. (Rec. Doc. 1-2 at ¶¶ 5 (contract for interstate shipment of cyanuric acid); 7–8 (alleging damage to and loss of cyanuric acid)). FSI's pre-suit demand letter, seeking the sum of $66,377.42 was sufficient to inform TIF that FSI's claims exceeded the $10,000 jurisdictional threshold for Carmack Amendment cases in federal district court. (Rec. Doc. 1 at pp. 6–7). Taken together, these facts establish the removability of FSI's suit from the date of its filing and is deemed, under applicable jurisprudence, to have been removeable "on its face." *See Ebunga v. Air Cargo Transit Servs., Inc.*, 2020 WL 6468162 (N.D. Tex. 2020) (rejecting defendant's argument that plaintiff's state court complaint featuring only state law claims was not removable on its face); *Kimmel v. Bekins Moving & Storage Co.*, 210 F. Supp. 2d 850 (S.D. Tex. 2002) (denying remand where the plaintiff's state court petition featured only state law claims deemed preempted by the Carmack Amendment). This is particularly true in light of FSI's pre-suit demand letter, disclosing its view of the amount in controversy before service of the initial pleading. Additionally, even if this Court were to assume FSI's state court petition was not removeable on its face, TIF's research regarding the nature of FSI's claims does not constitute "other paper" such as would expand the window for removal under 28 U.S.C. § 1446(b). *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).

Based on the foregoing, this Court concludes that TIF's removal is procedurally defective as untimely and will recommend that remand be granted upon FSI's motion. FSI's motion seeks attorney fees incurred in conjunction with the bringing of this motion. (Rec. Doc. 6-1 at p. 4). Courts may award attorney's fees based on improper removal only where the removing party lacked an objectively reasonable basis for seeking removal. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005). Considering the established law regarding preemption of state law claims under the Carmack Amendment and TIF's early access to information regarding the amount in controversy, this Court will recommend FSI's motion also be granted with respect to attorney's fees and costs.

5

## Conclusion

For the reasons discussed herein, the Court recommends that FSI's instant MOTION FOR REMAND (Rec. Doc. 6) be GRANTED IN PART and, accordingly, that this suit be REMANDED to the 15th Judicial District Court for the Parish of Acadia, State of Louisiana from whence it was removed. This Court further recommends FSI's motion be GRANTED as to the incorporated request for attorney fees and costs associated with the filing of the motion, subject to briefing by the parties concerning the attorney's fees and costs claimed by FSI.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 7th day of December, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**